UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSE SAENZ** | **DOCKET NO. 2:24-cv-00910** |
| **REG. # 67089-018** | **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jose Saenz on July 2, 2024. Doc. 1. At the time of filing, Saenz was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). Petitioner has since been released from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**I.**
**BACKGROUND**

Saenz filed the instant petition asking this Court to correct his time computation calculation, which would result in an earlier release date. Doc. 1. On November 1, 2024, while this matter was pending, petitioner was released from custody. *See* https://www.bop.gov/inmateloc.

## II.
### LAW & APPLICATION

Petitioner's release from custody during the pendency of this proceeding renders his claim moot. *See Belasco v. Warden*, 156 F. App'x 671 (5th Cir. 2005). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bur. of Prisons*, 220 Fed. App'x 256, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (*citing Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 2005 WL 2473569, at * (5th Cir. Oct.6, 2005) (citation omitted).

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 14th day of January, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE